1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11                          ----oo0oo----

12  CALIFORNIA PARENTS FOR THE
    EQUALIZATION OF EDUCATIONAL
13  MATERIALS,

14          Plaintiff,
                                  NO. CIV. S-06-532 FCD KJM
15       v.

16  KENNETH NOONAN, et al.,

17          Defendants.

18  _____/

19                          ----oo0oo----

20

21       This matter is before the court on defendants' motion for

22  reconsideration of the court's March 25, 2008 memorandum and

23  order (the "Order") denying defendants' motion for summary

24  judgment on res judicata grounds.[1]  (Docket #92.)  The court found

25  that plaintiff California Parents for the Equalization of

26  Educational Materials ("CAPEEM") was not in privity with the

27  _____

28       [1]     Because oral argument will not be of material
    assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. L.R. 78-230(h).

                                1

1 plaintiffs in the state court action, and thus res judicata

2 principles did not preclude CAPEEM's litigation of this action.

3 (Id. at 3.)  In their present motion, defendants fail to

4 demonstrate how the court committed "clear error" or rendered a

5 manifestly unjust decision in declining to find this action

6 precluded by res judicata.  Instead, defendants use this motion

7 for reconsideration as a vehicle to resubmit arguments already

8 presented to the court and explicitly addressed in the Order.

9 After review of the parties' extensive submissions on the motion

10 for summary judgment, the court considered and rejected the very

11 arguments raised by defendants *again* on this motion.  Defendants'

12 vigorous opposition to the court's Order, based on rehashed

13 arguments, does not provide grounds for reconsideration.  Fed. R.

14 Civ. P. 60(b); United States v. Navarro, 972 F. Supp. 1296, 1299

15 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir.

16 1998) (recognizing that motions to reconsider are "not vehicles

17 permitting the unsuccessful party to 'rehash' arguments

18 previously presented").

19      Absent "highly unusual circumstances," reconsideration of an

20 order is appropriate only where (1) the court is presented with

21 newly-discovered evidence, (2) the court committed "clear error

22 or the initial decision was manifestly unjust," or (3) there is

23 an intervening change in the controlling law.  School Dist. No.

24 1J, Multnomah County, 5 F.3d at 1263; Carroll v. Nakatani, 342

25 F.3d 934, 945 (9th Cir. 2003) (recognizing a motion for

26 reconsideration is an extraordinary remedy that should not be

27 granted absent highly unusual circumstances).  Ultimately, a

28 party seeking reconsideration must show "more than a disagreement

1 with the Court's decision, and recapitulation of the cases and

2 arguments considered by the court before rendering its original

3 decision fails to carry the moving party's burden."  United

4 States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D.

5 Cal. 2001).

6      Such is the case here.  In moving for reconsideration,

7 defendants simply restate and reargue their position as

8 previously articulated in their motion for summary judgment.

9 Nothing new is stated.  Instead, defendants merely contest the

10 propriety of the court's ruling and application of the relevant

11 law.  In that regard, defendants argue the court committed two

12 primary errors in denying their motion for summary judgment:

13 (1) the court failed to consider whether CAPEEM and the state

14 court plaintiffs (the "HAF plaintiffs") had a similarity of

15 interests and (2) the court applied federal standards, rather

16 than state law, to the question of privity.

17      Both arguments are wholly unpersuasive.  The court expressly

18 considered the issue of similarity of interests (Order at 15),

19 finding that factual disputes existed between the parties on the

20 issue but those disputes did not need to be resolved as

21 defendants had failed to demonstrate the other requisite element

22 for privity under a theory of "virtual representation."  (Order

23 at 15 ["[i]mportant to that inquiry is whether the parties shared

24 the same interests *and* whether the HAF plaintiffs had a 'strong

25 motive' to assert CAPEEM's interests" in the state court

26 action].)  Based on the undisputed evidence proffered by CAPEEM,

27 the court found that the HAF plaintiffs did not have a motive to

28 assert CAPEEM's interests in the state court litigation.  (Order

3

1  at 15-16.)  As to the applicable law, the court's Order is clear.

2  It sets forth the controlling law as established in *California*

3  case law and applies that law to the facts here.  (Order at 11-

4  17.)  The Order references *federal* law only where it is

5  consistent with state law.  (Order at 14.)  Indeed, the court

6  expressly justified its application of federal law in certain

7  limited respects.  (Order at 14 n. 11 [noting "Headwaters

8  involved application of the federal law on preclusion, not

9  California law.  However, on privity principles federal law is

10  closely analogous, and the court finds Headwaters persuasive

11  authority on some of the issues addressed herein.].)

12       At bottom, defendants' instant motion is based on their

13  *disagreement* with the court's ruling.  As noted, such

14  disagreement is not grounds for reconsideration and does not

15  demonstrate "clear error" by the court:

16       [Defendants] assert, with great vehemence and a degree
         of disdain, that they disagree with the court's findings.
17       This is not grounds for the grant of reconsideration.
         [Defendants] advanced arguments in their motion for
18       reconsideration identical to the arguments they advanced
         in [moving for] . . . summary judgment.  The court found
19       these arguments unpersuasive then and unpersuasive now.  In
         sum, [defendants] simply offer no new evidence or legal
20       support for their contention the court committed clear
         error.

21

22  Hansen v. Schubert, 459 F. Supp. 2d 973, 998 (E.D. Cal. 2006).

23  Thus, the court finds no grounds to reconsider its Order denying

24  summary judgment to defendants on the basis of res judicata, and

25  accordingly, defendants' motion for reconsideration is DENIED.

26       Defendants request in the alternative, if reconsideration is

27  denied, that the court certify the Order for interlocutory appeal

28  under 28 U.S.C. § 1292(b) and stay this action pending the

1 appeal.  For the following reasons, the court finds that

2 defendants have not met their burden to demonstrate the required

3 elements for interlocutory appeal.

4      The general rule is that an appellate court should not

5 review a district court ruling until after entry of a final

6 judgment.  Coopers & Lyband v. Livesay, 437 U.S. 463, 474 (1978);

7 In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.

8 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S.

9 1190 (1983); see 28 U.S.C. § 1291.  There is, however, an

10 exception to this general rule:

> 11      When a district judge, in making in a civil action an
>      order not otherwise appealable under this section, shall
> 12      be of the opinion that such order involves a controlling
>      question of law as to which there is substantial ground
> 13      for difference of opinion and that an immediate appeal
>      for the order may materially advance the ultimate
> 14      termination of the litigation, he shall so state in writing
>      in such order.  The Court of Appeals . . . may thereupon . .
> 15      . permit an appeal . . . if application is made to it
>      within ten days . . . .

16

17 28 U.S.C. § 1292(b).  The party seeking certification of an

18 interlocutory appeal has the burden to show the presence of those

19 exceptional circumstances.  Coopers & Lybrand, 437 U.S. at 474-

20 75.

21      Section 1292 identifies three factors that must be present

22 for the court to certify an appeal.  First, the issue to be

23 certified must involve a controlling issue of law.  An issue is

24 "controlling" if "resolution of the issue on appeal could

25 materially affect the outcome of litigation in the district

26 court."  In re Cement Antitrust Litig., 673 F.2d at 1026 (citing

27 U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

28 Second, there must be substantial ground for difference of

1 opinion on that issue.  A party's strong disagreement with the

2 court's ruling is not sufficient for there to be a "substantial

3 ground for difference;" the proponent of an appeal must make some

4 greater showing.  <u>Kern-Tulare Water Dist. v. Bakersfield</u>, 634 F.

5 Supp. 656, 667 (E.D. Cal. 1986), <u>aff'd</u> <u>in</u> <u>part</u> <u>and</u> <u>rev'd</u> <u>in</u> <u>part</u>

6 <u>on</u> <u>other</u> <u>grounds</u>, 828 F.2d 514 (9th Cir. 1987).  Third, an

7 interlocutory appeal must be likely to materially speed the

8 termination of the litigation.  This factor is linked to whether

9 an issue of law is "controlling" in that the court should

10 consider the effect of a reversal by the court of appeals on the

11 management of the case.  <u>See</u> <u>In re Cement Antitrust Litig.</u>, 673

12 F.2d at 1026.[2]

13      As to the first requirement, the court's Order addressed a

14 single question of law; namely, whether CAPEEM's complaint was

15 barred by the doctrine of res judicata.  That inquiry was not

16 fact-dependent.  <u>See</u> <u>Keystone Tobacco Co., Inc. v. Nat'l Tobacco</u>

17 <u>Co.</u>, 217 F.R.D. 235, 238 (D.C. Dist. 2003) (recognizing that an

18 issue is not a "controlling issue of law" where the issue decided

19 by the court is "fact-dependent").  Rather, the court surveyed

20 the relevant law and determined thereunder that privity did not

21 exist between CAPEEM and the HAF plaintiffs, either under

22 traditional notions of privity or the doctrine of virtual

23 representation.  (Order at 13-15.)  The facts underlying this

24 decision, concerning the relationship between CAPEEM and the HAF

25 plaintiffs, were not disputed by the parties on the motion for

26 summary judgment.  Instead, the parties disputed only the legal

27

28      [2]   As the court finds that interlocutory appeal is not
permitted, it need not consider the propriety of granting a stay.

1 effect of the facts under the preclusion standards; specifically,

2 whether those facts established a similarity of interests such

3 that the court could find that the HAF plaintiffs had a motive to

4 assert CAPEEM's interests.

5     That question of law is "controlling" within the meaning of

6 Section 1292(b) because an interlocutory appeal would "materially

7 affect the outcome of [the] litigation in [this court]."   In re

8 Cement Antitrust Litig., 673 F.2d at 1026.   Indeed, the

9 preclusion issue here would completely dispose of this case if

10 defendants prevail on appeal since defendants advance the defense

11 of res judicata/claim preclusion with respect to all of CAPEEM's

12 claims asserted in the complaint.

13     For this same reason, defendants have also demonstrated that

14 the appeal will advance the ultimate termination of the

15 litigation.   The potential for bringing the litigation to a more

16 expeditious close is related to the "controlling issue of law"

17 factor for certification.   The court must consider the effect of

18 a reversal by the court of appeals on the management of the case.

19 Id.   Here, a reversal of this court's Order could resolve this

20 case in its entirety, should the Ninth Circuit find the elements

21 for preclusion are met.

22     However, as to the final requirement for certification, the

23 court cannot find that there is substantial ground for difference

24 of opinion as to whether CAPEEM and the HAF plaintiffs are in

25 privity for purposes of application of the doctrine of res

26 judicata.   Clearly, there is no traditional privity between

27 CAPEEM and the HAF plaintiffs; there was no successor-in-interest

28 relationship between them, CAPEEM had no proprietary interest in

1  or control over the HAF action and the HAF plaintiffs were not

2  representatives of CAPEEM (via a class action or otherwise).

3  (Order at 11-12, 13.)  As to the broader notion of "virtual

4  representation," while the court acknowledged in the Order that

5  the doctrine has only been recently developed in California case

6  law, the court did not have difficulty applying the doctrine to

7  the facts in this case.  The relevant inquiries are evident upon

8  review of the controlling case law: similarity of interests and

9  motive of the party in the prior action to assert the estopped

10 party's interests.  Here, the court found that based upon the

11 undisputed evidence proffered by CAPEEM, it could not find that

12 the HAF plaintiffs had a "strong motive" to assert CAPEEM's

13 interests in the state court action, and thus, defendants had not

14 demonstrated one of the essential elements for privity.  (Order

15 at 15-16.)  The facts underlying this decision were undisputed

16 and there was no conflicting legal authority on point.  As such,

17 the court finds that there is not substantial ground for

18 difference of opinion on the issue of privity, and accordingly,

19 it must DENY defendants' alternative request to certify the Order

20 for interlocutory appeal.

21      Finally, on April 11, 2008, the court granted defendants' ex

22 parte application to stay this action pending the court's

23 decision on the instant motion.  (Docket #104.)  As the motion is

24 now denied, the court must set dates for the further pretrial

25 scheduling of this case.  Therefore, the court orders that the

26 amended status (pretrial scheduling) order of December 27, 2006

27 (Docket #49), as modified by stipulation of the parties on August

28 22, 2007 (Docket #52) and by the court in the Order of March 25,

1 2008, is HEREBY further modified as follows:   The parties shall

2 have until August 1, 2008 to complete fact discovery.   Expert

3 designations shall be filed and served on or before August 22,

4 2008; rebuttal designations shall be filed and served on or

5 before September 19, 2008; expert discovery shall close on

6 October 17, 2008.   The dispositive motion deadline is reset to

7 December 19, 2008.   The final pretrial conference is set for

8 February 13, 2009 at 1:30 p.m.   The court trial shall commence on

9 April 21, 2009 at 9:00 a.m.   All other provisions of the amended

10 status (pretrial scheduling) order of December 27, 2006 shall

11 remain in effect.   The court further orders that CAPEEM may file

12 an amended notice of motion resetting its motion to compel for

13 hearing before the assigned magistrate judge.[3]

14      IT IS SO ORDERED.

15 DATED: May 28, 2008

16

17 _____

18      FRANK C. DAMRELL, Jr.
        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28
      [3]     The hearing on the motion was previously vacated by the
 court in the April 11, 2008 order (Docket #104).

9